**MORRISON TENENBAUM PLLC**
Lawrence Morrison
87 Walker Street
New York, NY 10013
Tel.: 212-620-0938

*Counsel to LTG4 LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **FRANKLIN TORRES,** | Case No.    15-44789(NHL) |
| **Debtor.** | |

### EX PARTE MOTION FOR AN ORDER TO SHORTEN NOTICE FOR LTG4'S MOTION FOR AN ORDER (I) PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING DEBTOR'S BANKRUPTCY CASE WITH PREJUDICE AND (II) PURSUANT TO 11 U.S.C. § 105 GRANTING SANCTIONS

Secured Creditor, LTG4 LLC ("LTG4") assignee of BH3 NPL Trust ("BH3 NPL") assignee of Flushing Savings Bank, FSB, by and through its undersigned counsel, respectfully submits this *ex parte* motion (the "Motion to Shorten Notice") pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006 of the Local Rules for the Eastern District of New York (the "Local Rules") shortening notice and scheduling an expedited hearing on its motion (the "Dismissal Motion") seeking entry of an order (i) pursuant to 11 U.S.C. § 1112(b) dismissing the bankruptcy case of Franklin Torres ("Debtor" or "Torres") with prejudice and (ii) pursuant to 11 U.S.C. § 105(a) and the Court's inherent power, granting sanctions. The grounds for relief are more fully set forth in the accompanying Dismissal Motion and are incorporated herein by reference. In support of the Motion to Shorten Notice, LTG4 respectfully states as follows:

## BACKGROUND

1.      As described in the Declaration of Harry Zubli, Esq. (the "Zubli Declaration"), attached hereto as Exhibit A, this is Debtor's third time abusing the bankruptcy process by filing for bankruptcy protection and invoking the automatic stay for the sole and impermissible reason to obstruct a state foreclosure proceeding.[1]

2.      In each of the three bankruptcy cases, Debtor filed two chapter 13 cases and a chapter 11 case for a debtor who owned a single asset of real estate, which was the subject of a pending foreclosure action.

3.      In the instant case, Debtor's only asset, real property known as 104-65 Roosevelt Avenue, Corona, New York 11366 (the "Mortgaged Property"), was scheduled for the judicial foreclosure for a third time on October 23, 2015(the "Judicial Foreclosure").  Debtor filed this case on October 22, 2015 in order to obstruct the Judicial Foreclosure scheduled for October 23, 2015.

4.      Every time Debtor files for bankruptcy protection and invokes the automatic stay, the Mortgaged Property continues to deteriorate in value and LTG4 who is entitled to receive the rent proceeds continues to lose value in its collateral, the Mortgaged Property.

5.      Shortening notice is critical to protect LTG4's rights. In the instant case, if Debtor is allowed to continue to stall the Judicial Foreclosure and again use the bankruptcy process to thwart the legitimate efforts of LTG4 to enforce its rights against the collateral, Debtor's only asset will continue to deteriorate in value and LTG4 as the only secured creditor stands to lose significant value in its collateral. In order for the Mortgaged Property to be sold at the next auction date the case must be dismissed in short order.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Dismissal Motion.

## BASIS OF REQUEST FOR SHORTEN TIME

6. By this Motion to Shorten Notice, LTG4 seeks entry of an order, substantially in the form annexed hereto as Exhibit B (the "Proposed Order") pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006, shortening the notice required to be provided with respect to the Dismissal Motion.

## CAUSE EXISTS TO SHORTEN NOTICE
## WITH RESPECT TO THE DISMISAL MOTION

7. Bankruptcy Rules 9006(c) and Local Rule 9006 authorize this Court "for cause shown" to reduce the notice period required for a hearing of a motion.

8. LTG4 respectfully asserts that there is cause to reduce the notice period to allow a hearing on the Dismissal Motion to take place without the full notice requirements otherwise required by this Court. Without such reduced notice period, LTG4 would most certainly be deprived of its ability to enforce its rights against the collateral.

9. Accordingly, LTG4 requests that the Dismissal Motion be returnable on or before November 12, 2015 at 3:00 p.m. *See* Fed. R. Bankr. P. 9006(a)(1). LTG4 will serve the Dismissal Motion via overnight mail on (i) the Office of the United States Trustee; (ii) all known creditors of Debtor and interested parties in this case; and (iii) all parties who filed a notice of appearance in this case.

10. No previous application for the relief requested herein has been made.

11. For the foregoing reasons, LTG4 respectfully requests that this Court grant the relief requested herein and such other and further relief as may be appropriate.

[*Remainder of page intentionally left blank.*]

## **CONCLUSION**

**WHEREFORE**, LTG4 respectfully requests that the Court enter an Order in the form attached hereto as Exhibit B, scheduling a hearing on the Dismissal Motion on or before November 23, 2015 at 3:00 p.m., and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 28, 2015

                              **MORRISON TENENBAUM PLLC**

                              By: */s/ Lawrence Morrison*
                                  Lawrence Morrison
                                  87 Walker Street, Floor 2
                                  New York, New York  10013
                                  Tel.:  (212) 620-0938
                                  Cell:  (347) 236-2895
                                  Fax:  (646) 390-5095

                              *Attorneys for Secured Creditor LTG4 LLC*

**EXHIBIT A**

**MORRISON TENENBAUM PLLC**
Lawrence Morrison
87 Walker Street
New York, NY 10013
Tel.: 212-620-0938

*Counsel to LTG4 LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**FRANKLIN TORRES,**<br><br>**Debtor.** | Chapter 11<br><br>Case No.    15-44789(NHL) |

**DECLARATION OF HARRY ZUBLI PURSUANT TO E.D.N.Y. LOCAL BANKRUPTCY RULES 9077-1(A)-(C) IN SUPPORT OF MOTION TO SHORTEN NOTICE FOR AN ORDER (I) PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING DEBTOR'S BANKRUPTCY CASE WITH PREJUDICE AND (II) PURSUANT TO 11 U.S.C. § 105 GRANTING SANCTIONS**

HARRY ZUBLI declares under penalty of perjury that:

1. I am an attorney at law admitted to practice in the State of New York and the counsel that handled the state court proceedings prior to this third bankruptcy filing. Morrison Tenenbaum is counsel to LTG4 LLC ("LTG4"), the assignee of BH3 NPL Trust ("BH3 NPL") the assignee of Flushing Savings Bank, FSB..

2. I submit this declaration pursuant to E.D.N.Y. Local Bankruptcy Rules 9077-1(a)-(c) in support of the *ex parte* Motion to Shorten Notice (the "Motion to Shorten Notice") for an order to shorten time for SFR's motion for the entry of an order (i) pursuant to 11 U.S.C. § 1112(b)) dismissing the bankruptcy case of Franklin Torres ("Debtor" or "Torres") with prejudice and (ii) pursuant to 11 U.S.C. § 105(a) and the Court's inherent power, granting sanctions (the "Dismissal Motion").

3. This is Debtor's third time abusing the bankruptcy process by filing for bankruptcy protection and invoking the automatic stay for the sole and impermissible reason to obstruct a state foreclosure proceeding.[1]

4. In each of the two bankruptcy cases, Debtor filed two chapter 13 cases and one chapter 11 case for a debtor who owned a single asset of real estate which was which was subject of a pending foreclosure action.

5. In the instant case, Debtor's only real estate asset, the Mortgaged Property, was scheduled for Judicial Foreclosure for a third time on October 23, 2015. Debtor filed for bankruptcy protection for the third time on October 22, 2015 in order to obstruct the third scheduled Judicial Foreclosure. As evidence of his bad faith, the Debtor has continued to prosecute its prepetition appeal and the order to show cause associated with the appeal which is currently returnable for Thursday October 29, 2015.

6. Every time Debtor files for bankruptcy protection and invokes the automatic stay, the Mortgaged Property continues to deteriorate in value and LTG4, who is entitled to receive the rent proceeds (pursuant to an Assignmen tof Leases and Rents executed by Debtor), continues to lose value in its collateral, the Mortgaged Property.

7. Shortening notice is critical to protect LTG4''s rights. In the instant case, if Debtor is allowed to stall the Judicial Foreclosure and again use the bankruptcy process to thwart the legitimate efforts of LTG4 to enforce its rights against the collateral, Debtor's only real estate asset will continue to deteriorate in value and LTG4 as the only secured creditor stands to lose significant value in its collateral. In order for the Mortgaged Property to be sold at the next auction date, the case must be dismissed in short order.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Dismissal Motion.

8. There is cause to reduce the notice period so as to allow a hearing on the Dismissal Motion to take place without the full notice requirements otherwise required by this Court. Without such reduced notice period, LTG4 would most certainly be deprived of its ability to enforce its rights against the collateral.

9. Accordingly, LTG4 requests that the Dismissal Motion be returnable on or before. *See* Fed. R. Bankr. P. 9006(a)(1). BH3 NPL will serve the Dismissal Motion via overnight mail on (i) the Office of the United States Trustee; (ii) all known creditors of Debtor and interested parties in this case; and (iii) all parties who filed a notice of appearance in this case.

10. Accordingly, LTG4 submits that cause exists for granting the relief sought herein.

11. No previous application for the relief requested herein has been made.

Dated: New York, New York
       October 28, 2015

                                            */s/ Harry Zubli*
                                           Harry Zubli

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

    **FRANKLIN TORRES,**

                     **Debtor.**

Chapter 11

Case No.    15-44789(NHL)

### ORDER SHORTENING TIME FOR BH3 NPL'S MOTION FOR AN ORDER (I) PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING DEBTOR'S BANKRUPTCY CASE WITH PREJUDICE AND (II) PURSUANT TO 11 U.S.C. § 105 GRANTING SANCTIONS

Upon the *ex parte* motion (the "Motion to Shorten Notice") of LTG4 LLC ("LTG4") ASSIGNEE OF BH3 NPL Trust ("BH3 NPL") assignee of Flushing Savings Bank FSB,, for the entry of an order setting reduced time for the hearing on and notice of its motion seeking entry of an order (i) pursuant to 11 U.S.C. § 1112(b) dismissing the bankruptcy case of Franklin Torres ("Debtor") and (ii) pursuant to 11 U.S.C. § 105(a) and the Court's inherent power, granting sanctions (the "Dismissal Motion"), and the supporting Declaration of Harry Zubli; and it appearing that good cause exists under Local Bankruptcy Rules 9077-1(a)-(c) for shortening the notice requirements for the Dismissal Motion;

    It Is Hereby Ordered that:

    1.    The Motion to Shorten Notice is hereby granted to the extent provided herein.

    2.    Notice of the Dismissal Motion is hereby shortened and limited as provided herein.

    3.    The following shall constitute good and sufficient service and notice of this Order and of the Dismissal Motion, and of the hearing hereby scheduled thereon: the filing by LTG4 of the Dismissal Motion electronically on the Court's docket such that it is available on the Court's website; service via overnight mail of the Dismissal Motion and this Order on (i) the

Office of the United States Trustee; (ii) all known creditors of the Debtor and interested parties in this case; and (iii) all parties who filed a notice of appearance in this case on or before October 29, 2015.

4. Objections, if any, to the Dismissal Motion may be heard at the hearing on the Dismissal Motion.

5. A hearing on the Dismissal Motion will be held on November __, 2015, in Courtroom 2579 of the Honorable Nancy H. Lord, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271 Cadman Plaza East, Brooklyn, New York 10004 at 3:00 p.m. (EST) or as soon thereafter as counsel may be heard.

Dated: New York, New York
       _____, 2015

                              HONORABLE NANCY HERSHEY LORD
                              UNITED STATES BANKRUPTCY JUDGE