ORTIZ & ORTIZ, L.L.P.      Hearing Date: November 17, 2015
32-72 Steinway Street, Ste. 402     Time: 11:00 a.m.
Astoria, New York  11103
Norma E. Ortiz
Martha J. de Jesus
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com

*Proposed Counsel to the Debtor*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re

FRANKLIN TORRES,       Case No.  15-44789 (NHL)


       Debtor.    Chapter 11
--------------------------------------------------------X

### DEBTOR'S OBJECTION TO LTG4 LLC's MOTION FOR AN ORDER DISMISSING CASE WITH PREJUDICE AND GRANTING SANCTIONS AGAINST DEBTOR

   Franklin Torres (the "Debtor"), by and through his proposed attorneys Ortiz & Ortiz,

L.L.P., hereby objects to the Motion for an Order Dismissing Case with Prejudice and Granting

Sanctions Against Debtor (the "Motion") filed by LTG4 LLC (the "Movant") as follows:

### BACKGROUND

A.  The Prior Case

   1.   The Debtor filed a chapter 13 petition without an attorney on September 25,

2015[1].  He voluntarily moved to withdraw his petition on September 29, 2015.

---

[1] The Debtor filed a pro se Chapter 13 petition on March 7, 2013, that was automatically dismissed by the Court on April 22, 2013, because of the Debtor's failure to comply with 11 U.S.C. § 521.

2.      The Court entered an order dismissing the Debtor's case on October 12, 2015.

3.      No activity occurred before the Court in the Debtor's prior case because of the relatively short period of time the case was pending before the Court.  As a result, the prior filing was not a drawn-out attempt to delay a state court proceeding:  it was filed and voluntarily dismissed within three weeks.

B.      The Present Case

4.      The Debtor retained the undersigned to attempt to resolve his ongoing dispute with the Movant over the mortgage loan and lien asserted against the property located at 104-65 Roosevelt Avenue, Corona, New York (the "Property").

5.      On October 22, 2015, the Debtor filed the instant chapter 11 case.  The case was filed the day before the sale of the Property was scheduled.  The Debtor informed his state court counsel of the filing and directed him to halt any action currently pending in the foreclosure action.

6.      The Debtor filed the instant case because he disputes the amount sought by the Movant and would like to fix the amount due before satisfying that claim.  The Debtor also owns another parcel of real property – his residence – that is subject to a defaulted mortgage loan.  The Debtor requires the Court's assistance to resolve, among other things, these outstanding debts.

7.      Although the Debtor would like to retain ownership of the Property, through a refinance of Movant's loan and through a plan or reorganization, the Debtor believes that the Property has sufficient value to ensure that Movant's claim is paid in full.  If required to do so, the Debtor will sell the properties to satisfy the claims of his creditors.

8.      Since the September 2015 filing, the Debtor received an offer to purchase the

Property from a real estate broker in the amount of $3,500,000. Within the last two weeks, the Debtor received another offer for the purchase price of $4,000,000, with no mortgage contingency. A copy of a redacted letter of intent is annexed to the Debtor's Declaration. The Debtor is fully aware that he can neither retain a broker nor sell the Property without the Court's approval. But since he has not yet retained an appraiser or a broker's price opinion letter, he asserts that the offer serves to demonstrate – for the purpose of this objection – that the Debtor has the ability to satisfy the Movant's claim in full, under any circumstance. The Debtor has also placed the amount of $10,579.28 in his counsel's escrow account to serve as November's adequate protection payment to the Movant, should the Court determine that such payments are needed in this case.

9.      Either through a sale or refinance of the Property and his residence, the Debtor should have the necessary income and asset value to propose a feasible plan that creates the best recovery to all his creditors: not just Movant. The Debtor believes that these circumstances demonstrate that his refiling was done in good faith and permitting him to proceed with his reorganization is in the best interests of his creditors. A dismissal of the case would only benefit the Movant, under the circumstances of this case.

## RESPONSE

10.     The Movant asserts that the Debtor's case should be dismissed with prejudice because (1) the Debtor acted in bad faith by filing a case with no likelihood of reorganization, (2) there is substantial continuing loss to the bankruptcy estate, and (3) the Debtor is unable to make adequate protection payments to the Movant. Additionally, the Movant also seeks a specific finding that the Debtor engaged in bad faith conduct and should be sanctioned for this

3

bankruptcy filing.  The Motion is unsupported by any evidence of any kind to support these assertions.

11.    As set forth in the Debtor's Declaration, the instant case was filed in good faith and the Debtor's asset value and income demonstrate that – at a minimum – Movant's claim will be paid in full once the correct amount due to the Movant is determined.  In fact, Debtor's counsel informed Movant's counsel of these facts before the Motion was filed.

A.    This Case Should Not Be Dismissed Since the Debtor Acted in Good Faith

12.    It is well-settled that a "bankruptcy petition should be dismissed for lack of good faith only sparingly and with great caution." In re Gen. Growth Props., 409 B.R. 43, 56 (Bankr. S.D.N.Y. 2009); see also Carolin Corp. v. Miller, 886 F.2d 693, 700 (4th Cir. 1989). Furthermore, since no one factor is determinative of good faith, the courts "examine the facts and circumstances of each case in light of several established guidelines or indicia, essentially conducting an 'on-the-spot evaluation of the Debtor's financial condition [and] motives.'" In re Kingston Square Assocs., 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997), quoting In re Little Creek Development Co., 779 F.2d 1068, 1072 (5th Cir. 1986).  "It is the totality of circumstances, rather than any single factor, that will determine whether good faith exists." Id.

13.    Here, the Debtor has more than one asset, has received two substantial offers to purchase the Property, and he has available monthly income and asset value to meet his current obligations.  The Debtor intends to promptly prosecute his case to conclusion, in a manner that benefits all of his creditors.

14.    The Motion is replete with accusations that the Debtor's vigorous opposition to Movant's foreclosure action somehow equates bad faith.  The record of the litigation that

preceded this bankruptcy filing makes clear that the Debtor and his counsel believed strongly

that the prior owner of the mortgage loan, Flushing Saving Bank, engaged in improper behavior

in connection with this loan, and did not account for all of the payments made to the Debtor.

However, engaging in motion practice and appealing the State Court's decisions are not grounds

to dismiss the instant case.

B.      Sanctions Should Not Be Imposed Against the Debtor

15.     An award of sanctions is an extraordinary remedy.  See In re Ambotiene, 316

B.R. 25, 33 (Bankr. E.D.N.Y. 2004) quoting Oliveri v. Thompson, 803 F.2d 1265, 1271 (2d Cir.

1986).  Requests for sanctions should not be made lightly.  See Nakash v. United States Dep't of

Justice, 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988) ("Allowing adversaries an unrestricted ability

to initiate a process in which competent attorneys must justify, under the threat of sanctions,

actions taken in good faith, does not serve the purposes of Rule 11.").  The undersigned informed

Movant's counsel prior to the filing of the Motion that the Debtor had received a substantial

offer on the Property, had the ability to satisfy Movant's claim in full, and had the ability to

make adequate protection payments during the pendency of the case, if necessary.  It is

submitted that failing to conduct any inquiry regarding the veracity of the representations made

to Movant before making the instant motion, shows greater bad faith than any conduct engaged

in by the Debtor.

16.     In essence, the only basis for requesting sanctions cited by Movant is filing three0

bankruptcy cases since 2013.  It is respectfully submitted that such conduct alone does not

warrant the imposition of sanctions.  The second case was filed improperly as a Chapter 13 case,

and swiftly withdrawn.  Now that the Debtor has located counsel with the requisite expertise and

language ability to assist him with his reorganization, and has the asset value to satisfy Movant's

claim, there are no simply no grounds for the imposition of sanctions in this case.

      **WHEREFORE**, the Debtor respectfully requests that the Court deny the relief requested

in the Motion and grant such other and further relief as is just.

Dated: November 13, 2015
      Astoria, New York

                                     */s/Norma E. Ortiz*
                                     Norma E. Ortiz
                                     Martha de Jesus
                                     Ortiz & Ortiz, L.L.P.
                                     32-72 Steinway Street, Ste. 402
                                     Astoria, NY  11103
                                     Tel. (718) 522-1117
                                     *Proposed Counsel to the Debtor*

<u>Debtor's Declaration</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re                                                           Case No.  15-44789 (NHL)

FRANKLIN TORRES,
                                                                Chapter 11

                        Debtor.
--------------------------------------------------------X

## <u>DECLARATION OF FRANKLIN TORRES</u>

Franklin Torres, the above-captioned debtor, hereby declares as follows:

1.      I filed a chapter 13 case previously in September 25, 2015, without the assistance of counsel.

2.      My bankruptcy filing was precipitated by a protracted dispute with LTG4 LLC, assignee of BH3 NPL Trust, assignee of Flusing Savings Bank, FSB (the "LTG4") over the circumstances underlying its foreclosure action against me and the amount of its claim.  I dispute the interest that LTG4 is claiming, among other things.

3.      The foreclosure action resulted in the entry of a judgment in August 10, 2015, in the amount of $1,655,080.14 together with an unspecified amount of interest.  A copy of the Judgment is attached as Exhibit A.  I filed an appeal of the judgment.  Since the entry of the judgment, the Creditor issued a payoff of my mortgage loan for approximately $3.1 million. A copy of the payoff letter is attached as Exhibit B.

4.      My chapter 13 case was not dismissed due to my failure to comply with the provisions of the Bankruptcy Code.  Instead, on September 29, 2015, four days after I filed, I voluntarily sought the dismissal of my bankruptcy cases because I thought I needed to dismiss the case and file a Chapter 11 case with an attorney.

5.      I could not locate an attorney that was familiar with my type of case, and that

spoke Spanish, until after I filed and requested the dismissal of my Chapter 13 case.  I met with my present counsel to discuss the circumstances of my case and learned more clearly what my options are, and what my duties are as a debtor in possession.

6.      Ms. Ortiz explained to me, in Spanish, that I would have to pay the claim of LTG4 in full, either through a sale or refinance or over time pursuant to the terms of the Bankruptcy Code.

7.      I was informed that the Bankruptcy Code may require me to make payments to the Creditor during the pendency of this bankruptcy case to protect its claim.  As a result, I deposited $10,579.28 in my attorney's escrow account for the November payment.  I will instruct my attorneys to send this money to the Creditor at the Court's direction.

8.      Prior to filing the current bankruptcy petition, I received an offer to purchase the property located at 104-65 Roosevelt Avenue, Corona, New York 11366 (the "Property") for Three Million Five Hundred ($3,500,000.00) Dollars from a real estate broker which exceeds the full amount of the Creditor's claim, including the disputed interest.  Since this case was filed, I received another offer for the purchase of the Property in the amount of Four Million ($4,000,000.00) Dollars.  I have attached a copy of that letter of intent as Exhibit C.  I believe a sale or refinance of the Property will generate sufficient income to fully repay all of my creditors.

9.      I did not abuse the bankruptcy process by filing my prior case since I moved expeditiously to close it.  My current bankruptcy was filed in good faith since I have the assets necessary to propose a plan that will repay my creditors.

10.      For the above reasons, I respectfully request the denial of the motion to dismiss my chapter 11 case.

I swear under the penalty of perjury that the foregoing is accurate and true.

Dated: November 13, 2015
      Queens, New York

    *s/Franklin Torres*
    Franklin Torres, Debtor

# Exhibit A

26770/2010 JUDGMENT OF FORECLOSURE AND SALE (CAPTION AMENDED)

# COMMERCIAL MORTGAGE FORECLOSURE

SEQUENCE NO. 9

At an IAS Part 35 thereof, held at the Supreme Court of the State of New York, in and for the County of Queens, at 88-11 Sutphin Blvd, Jamaica, New York 11435 on the 6th day of August, 2015

P R E S E N T :

HON. Timothy J. Duffy ,J.S.C

JUSTICE.

**ORIGINAL**

------------------------------------------------------------X

FLUSHING SAVINGS BANK, FSB,

Plaintiffs,

-AGAINST-

FRANKLIN TORRES, TORRES DEVELOPMENT LTD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, GINSBURG & MISK FUNDING CO., LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, CRIMINAL COURT OF THE CITY OF NEW YORK, MIDLAND FUNDING LLC, BENEFICIAL NEW YORK, INC., ZOILA QUITO, HIGHLIGHTS UNISEX CORP.;

Defendants.

------------------------------------------------------------X

Index No.: 26770/10

**JUDGMENT OF FORECLOSURE AND SALE AND AMENDMENT**

FILED & RECORDED

AUG 10 2015

COUNTY CLERK
QUEENS COUNTY

On the reading of the following, all now duly filed in the office of the Clerk of Queens County and on all the proceedings thereon particularly the:

Summons and Verified Complaint filed on October 22, 2010 and on all the affidavits of service, showing that each and all of the defendants herein have been personally served with said

Printed: 8/11/2015

26770/2010 JUDGMENT OF FORECLOSURE AND SALE (CAPTION AMENDED)

summons and complaint, or have voluntarily appeared herein by their respective attorneys; and upon the

Notice of Pendency filed on November 3, 2010 and the 2nd Notice of Pendency dated October 23, 2014 which has been filed, *on October 31, 2014* and upon the

Order of Reference and Amendment dated August 29, 2011 appointing a referee to compute the amount due the plaintiff upon the bond (note) and mortgage set forth in the verified complaint and to examine and report whether or not the mortgaged premises can be sold in parcels; and upon the

Referee's Oath and Report of Howard K. Pollack, Esq., dated November 11, 2011 in which it appears that the sum of $1,655,080.14 was due thereon as of October 18, 2011; and that the mortgaged premises cannot be sold in parcels without material injury to the parties interested; and that the whole amount secured by said bond (note) has become due; and upon the

Affirmations of Regularity dated  October 30, 2014 of Harry Zubli,  attorney for plaintiff, with exhibits annexed hereto, proving that more than thirty days had elapsed since such service upon said defendants was completed and since said defendants appeared, as aforesaid, and except for defendants Franklin Torres and Torres Development Ltd which waived their right to file an answer, counterclaims, motions, or order to show cause in the instant action or to file an appeal of the decisions and orders had herein, or to contest any proceedings had herein, and which defendants, in any event, filed three Orders to Show Cause and filed a cross-motion herein and actively participated herein, none of the defendants had served an answer to said verified complaint, moved with respect thereto, and that no necessary defendant is an infant, incompetent, absentee or in the military; and that said defendants are in default,

NOW, on motion of Harry Zubli, plaintiff's attorneys it is

**ORDERED** that the plaintiff's motion is hereby granted in its entirety, and it is further

**ORDERED, ADJUDGED AND DECREED**, that the said report of Howard K. Pollack, Esq., dated November 11, 2011, is in all respects ratified and confirmed, and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the complaint in this action, as hereinafter set forth, be sold at public auction in one parcel at the Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, New York, 11435, in Courtroom #25 at 10:00 A.M. on a Friday by Howard K. Pollack, Esq., who is hereby appointed Referee for that purpose. That said Referee give public notice of the time and place of sale, according to law and the course and practice of this Court, by publishing notice of sale in the _Newsday - Queens ed_ _235 Pine Town Rd, Melville, NY 11747_ ; that the plaintiff or any other

_Newspaper_ _(631) 843-2642_

party to this action may become the purchaser or purchasers at such sale; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that said Referee on receiving the proceeds of sale forthwith pay therefrom the taxes, assessments and water and sewer rents which are, or may become liens on the premises at the time of sale and any such payments shall be allowed to the plaintiff and applied by said referee upon the amounts due to the plaintiff as specified below in item marked "THIRD". That said referee then deposit the

_Bank_ amount received at sale in _Signature Bank_ _89-36 Sutphin Blvd - 3d Floor_ _Jamaica, NY 11435_

("Depository") and shall thereafter make the following payments:

First: The statutory fees of said referee, in the amount of $500.00.

Second: Expenses of sale and advertising expenses as shown on the bill(s) presented and certified by the Referee to be correct. Duplicate receipts shall be annexed to the Report of Sale.

Page 3

28770/2010 JUDGMENT OF FORECLOSURE AND SALE (CAPTION AMENDED)

Third: Said Referee shall also pay to the plaintiff or its attorneys, the sum of $1,655,080.14 together with interest at the rate set forth in the note and mortgage from the date specified in the referee's report, together with legal interest from the date of entry hereof, together with advances from the date specified in said report, plus the sum of $ ~~C.C. 1855.00~~ adjudged to the plaintiff for costs and disbursements in this action as taxed by the Clerk of the Court with interest thereon from the date of entry hereof, ~~together with an additional allowance of $_____ hereby awarded to plaintiff in addition to costs and disbursements with interest thereon from the date of entry hereof,~~ or so much as the purchase ~~money of the mortgaged premises will pay of the same.~~ The Referee shall take a receipt therefor, and file it with the referee's report of sale.

*Add'l Allow* *Court* *JD* *J.S.C.*

And said Referee shall pay to the plaintiff a reasonable sum for preservation of the property upon presentation of receipts for such expenditures to said referee.

*Atty Fees*

And said Referee shall pay to plaintiff an attorney's fee as authorized by the said mortgage in the amount of $ *Court* 1800.00 .

*JD* *J.S.C.*

Fourth: If such Referee intends to apply for a further allowance for fees, the Referee may leave upon deposit such amount as will cover such additional allowance to await the further order of this Court thereon after application duly made.

Fifth: That in case the plaintiff be purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with the said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST" and

"SECOND" and the amounts of the aforesaid taxes, assessments and water and sewer rents, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff, for preservation of the property, Referee fees, expenses of sale, and taxes, assessments and water and sewer rents shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified above in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to it of said Referee's deed, the amount of surplus; that said Referee on receiving said several amounts from plaintiff shall forthwith pay therefrom said taxes, assessments, water and sewer rents and interest or penalties thereon, unless the same have already been paid, and shall then deposit the balance in said Depository.

Sixth:  That said Referee take the receipt of the plaintiff or its attorneys for the amounts paid as herein before directed in item marked "THIRD", and file it with the referee's report of sale; that said referee deposit the surplus moneys, if any, with the Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the Court, signed by a Justice of the Court; that the said Referee make a report of such sale and file it with the Clerk of Queens County within thirty days of completing the sale and executing a proper conveyance to the purchaser; and that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of said sale be

insufficient to pay the amount so reported due the plaintiff, with the expenses of sale, interest, cost and allowance, as aforesaid, the said referee shall specify the amount of such deficiency in the referee's report of sale; that the plaintiff recover of the defendant FRANKLIN TORRES, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount is determined and awarded by an order of this Court as provided for in said section; and that the purchaser or purchasers at such sale be let into possession of the premises sold to them on production of the referees deed or deeds of said premises; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action and all persons claiming through or under them, or any or either of them, after the filing of such notice of pendency of this action, are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, an covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, and building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, any,

except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law,

and any equity of redemption of the United States of America to redeem the premises within 120

days from the date of sale. Risk of loss shall not pass to purchaser until closing of title and it is

further

**ORDERED, ADJUDGED AND DECREED**, that in absence of the Referee, the Court

may designate a Substitute Referee forthwith; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee appointed herein is

subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified

from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify

the Appointing Judge forthwith; and it is further

**ORDERED**, that the caption of the action be amended by substituting BH3 NPL

TRUST, as party plaintiff herein, in place and stead of FLUSHING SAVINGS BANK, FSB, all

without prejudice to the prior proceedings had herein; and it is further

**ORDERED**, that the caption of this action shall read as follows:

--------------------------------------------------------------------X

BH3 NPL TRUST,

                                   Plaintiffs,

      -AGAINST-

FRANKLIN TORRES, TORRES DEVELOPMENT
LTD, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, GINSBURG &
MISK FUNDING CO., LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY PARKING VIOLATIONS BUREAU,
CRIMINAL COURT OF THE CITY OF NEW
YORK, MIDLAND FUNDING LLC, BENEFICIAL
NEW YORK, INC., ZOILA QUITO, HIGHLIGHTS
UNISEX CORP.;

                                 Defendants.

--------------------------------------------------------------------X

26770/2010 JUDGMENT OF FORECLOSURE AND SALE (CAPTION AMENDED)

and it is further

**ORDERED, ADJUDGED AND DECREED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice

Said premises commonly known as: 104-65 Roosevelt Avenue, Queens, New York (Block: 1176; Lot: 43).

ENTER

_____
JUSTICE, SUPREME COURT

_____
CLERK

ENTERED
12:04 pm
AUG 10 2015
COUNTY CLERK
QUEENS COUNTY

FILED & RECORDED

AUG 1 0 2015

COUNTY CLERK
QUEENS COUNTY

Print on: 8/11/2015

**Exhibit B**

# HARRY ZUBLI
# ATTORNEY AT LAW
1010 Northern Blvd., Suite 310
Great Neck NY 11021

----------

Tel: (516) 487-5777
Fax: (516) 487-4834

October 23, 2015

Franklin Torres
104-65 Roosevelt Ave
Corona, New York 11368

RE:    Original Lender: Flushing Savings Bank, FSB
       Lender by Assignment: BH3 NPL TRUST
       Borrower: Franklin Torres
       Original Principal Loan Amount: $1,650,000.00
       Premises: 104-65 Roosevelt Ave, Corona, New York 11368

Dear Recipient:

The following is a payoff letter good through 10/23/15 and is **SUBJECT TO CHANGE AND
FINAL VERIFICATION BY THE NOTE HOLDER**.  This payoff letter shall automatically
expire on 10/23/15 without notice and shall not be valid or binding after said date.  Nothing
herein shall constitute a waiver or modification of the note, mortgage or any of the mortgage
loan documents.  Any request for a payoff letter beyond 10/23/15 shall be made in writing to the
undersigned.

| | |
|---|---:|
| Judgment/Computation Amount: | $1,655,080.14 |
| Interest from Computation Date (10/18/11) through Judgment Date (8/10/15) at 24% (1392 days @ $1042.14 per day) | $1,450,658.88 |
| Interest from Judgment Date (8/10/15) through 10/23/15 at 9% on the total Judgment Amount of $3,105,736.02 ($1,655,080.14 computed by the Referee plus $1,450,658.88 in interest accruing after referee computations) (73 days @ $776.43 per day): | $56,679.39 |
| Costs and Disbursements as per Judgment: | $1,855.00 |
| Additional Allowance as per Judgment: | $0.00 |
| Legal Fees as per Judgment: | $1,800.00 |
| Positive Escrow Balance as of Referee Computation Date of 10/18/11: | ($3,866.78) |
| Partial Payments Received by Flushing after Referee Computation Date of 10/18/11: | ($99,100.31) |
| Protective Advances Paid by Flushing after 10/18/11: | $15,072.31 |

| | |
|---|---|
| Insurance Premiums & Other Protective Advances (9/24/13-9/24/14): | $6,617.56 |
| Insurance Premiums & Other Protective Advances (9/25/14-9/25/15): | $6,617.56 |
| Insurance Premiums & Other Protective Advances (9/25/15-9/25/16): | TBD |
| Fees Paid to Jay Dankberg, the Receiver, on 5/2/13: | $5,000.00 |
| Post Judgment Legal Disbursements relating to Two Notices of Appeal: | $3,200.00 |
| Post Judgment Legal Fees and Disbursements Incurred in the Bankruptcy Court (Two Bankruptcy Filings): | $5,000.00 |
| Referee Fee for Cancelation of First Sale: | $250.00 |
| Publication Fee (First Sale): | $448.00 |
| Referee Fee for Cancelation of Second Sale: | $250.00 |
| Post Judgment Legal Fees Associated with Second Foreclosure Action: | $841.00 |
| Post Judgment State Court Foreclosure Action Legal Fees (4th OSC and Two Auctions): | $2,750.00 |

**TOTAL DUE PLAINTIFF AS OF 10/23/15:**    $3,109,152.75

The payoff amount due to Lender should be made by bank check payable to "Harry Zubli, as Attorney" and delivered to the undersigned at 1010 Northern Blvd., Suite 310, Great Neck NY 11021. Upon timely receipt of the full sums due to Lender, a Satisfaction of Mortgage, Discontinuance of Action, Cancellation of Notice of Pendency, and Termination of Assignment of Rents and Leases, if applicable, will be delivered by Lender to Borrower.

Lender expressly reserves the right to accept or reject any payment(s) that does not constitute payment in full as set forth herein. Acceptance of partial payment will not constitute reinstatement, satisfaction or a waiver, modification, or amendment of Lender's rights expressly set forth in the Note, Mortgage, Acceleration letter(s) or in the pending foreclosure action.

Upon request therefor and payment of an additional $2,500.00 by Borrower to Lender, an application to vacate the judgment of foreclosure and sale had in the foreclosure action will be filed with the Court.

Nothing herein waives, releases, modifies, alters, amends or otherwise changes any of the rights, remedies, or options of Lender pursuant to the Note and the Mortgage, the Order granting Judgment of Foreclosure and Sale, or in the pending foreclosure action.

Sincerely,

*Harry Zubli*

Harry Zubli

**Exhibit C**



GREAT NECK, NY 11020

Letter of Intent

To Owner in record:

The Purpose of this letter is to express our interest to purchase the property located at **104-65 ROOSVELT AVE. CORONA, NY 11368**. We are developers, serving the NYC area. Our Intention is to buy the subject property to keep the existing front of the church structure and rent it out or to even resale it in near future. The other portion, we would like to develop residential units. We are Cash Buyer, no mortgage contingency. We will able to perform and close the transaction in very short time.

Property Address: 104-65 ROOSVELT AVE, CORO,A NY 11368

Purchase Price: *$ 4,000,000.00*

Contract Signing: 5%

Terms of Purchase: All Cash. Clean and Clear title. Income should match what's provided by the broker.

Purchaser: ████████LLC or Newly Formed Corporation
████████
GREAT, NY 11020

Attorney:

***The Law Offices of Geng & Zhang PLLC***
39-07 Prince Street Suite 3E, Flushing, NY 11354
Phone: 718-321-7130 | info@law-gz.com
Fax: 718-321-7135
Website: http://www.law-gz.com

OFFER IS PRESNTED  BY████████████████ REALTY GROUP

Thank You.

IF OFFER IS NOT ACCEPTED WITH IN 48 HOURS. BUYER WILL MOVE FORWARD
WITH OTHER PROPERTIES